IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE OHIO STATE UNIVERSITY** | : |
| **Plaintiff,** | : |
| | : Case No.: 2:17-cv-00229 |
| | : Judge Watson |
| **SUNFROG, LLC** | : |
| **Defendant.** | : |

**STIPULATED FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION**

For the purposes of settlement, Plaintiff The Ohio State University ("Ohio State") and Defendant Sunfrog, LLC ("Defendant") (together, "the Parties") submit to the Court the following Stipulated Final Consent Judgment and Permanent Injunction. Capitalized terms not defined herein have the meanings defined in the Settlement Agreement entered by the Parties:

1. Plaintiff Ohio State is a public institution of higher education, with its main campus located in Columbus, Ohio, and regional campuses across the state. The University is dedicated to undergraduate and graduate teaching and learning; research and innovation; and statewide, national, and international outreach and engagement. Both undergraduate and graduate students also connect with the University and broader community through an array of leadership, service, athletic, artistic, musical, dramatic and other organizations and events.

2. Defendant is a limited liability company organized under the laws of the State of Michigan, with a principal place of business at 1782 O'Rourke Blvd., Gaylord, Michigan 49735.

3. This Court has jurisdiction over this matter under 15 U.S.C. § 1125, 28 U.S.C. §1338 and 15 U.S.C. § 1114. Venue is proper in this Court under 28 U.S.C. § 1391(b), as

Ohio State's cause of action arose and Ohio State is being injured in this judicial district, and because Defendant has purposefully availed itself of the privilege of doing business in this forum.

4. In connection with the activities and products described in the preceding paragraphs, Ohio State is the owner of, among others, the following federally registered trademarks:

a. "BUCKEYES" — registration number 1,152,683, registered April 28, 1981, to provide college sport exhibition events and recreation programs;

b. "BUCKEYES" — registration number 1,267,035, registered on February 14, 1984 for use on: toy stuffed animals, Christmas decorations, bean bags, plastic toys, foam toys and equipment sold as a unit for playing a stick ball game; clothing-namely, T-shirts, ties, scarves, bibs, sweatshirts, athletic shorts, hats, aprons, jogging suits and sweaters; blankets, textile placemats, handkerchiefs, quilts and pennants; tumblers, cups, mugs, glasses and insulated beverage container holders; hassocks, bean bag leisure furniture, letter holding boxes, mirrors, and folding seats for use by individuals in athletic stadiums and plaques; tote bags; pens, posters, decals, and paintings; jewelry-namely, rings, pins, belt buckles and key chains, all being made of precious metal; electric lamps; providing college level educational programs, sport exhibition events and recreation programs;

c. BUCKEYE DESIGN — registration number 2,437,954, registered January 2, 2001 for use on decals and stickers;



d. "OHIO STATE" — registration number 1,294,114, registered September 11, 1984 for providing college level educational programs, sport exhibition events, recreation programs, toy stuffed animals, Christmas decorations, bean bags, plastic figurine toys, foam figurine toys, bats, balls and other equipment sold as a unit for playing a stick ball game, shoe laces, t-shirts, ties, scarves, bibs, sweatshirts, shorts, hats, aprons, jogging suits, sweaters, blankets, pennants, textile placemats, handkerchiefs, quilts, tumblers, cups, mugs, glasses, beverage container insulators, hassocks, bean bag leisure furniture, mirrors, and folding seats for use by individuals in athletic stadiums, tote bags, pens, posters, decals, paintings, letter holding boxes, rings, pins, belt buckles, key chains and electric lamps;

e. "OHIO STATE" — registration number 1,152,682, registered April 28, 1981 for college sport exhibition events and recreation programs, dramatical and musical entertainment events and

college level educational courses;

f. "OSU" — registration number 1,121,595, registered July 3, 1979 for college sport exhibition events and recreation programs, dramatical and musical entertainment events and college level educational courses;

g. "OHIO STATE UNIVERSITY" — registration number 1,294,115, registered September 11, 1984 for jewelry-namely, rings, pins, belt buckles and key chains; pens, posters, decals, paintings, letter holding boxes; hassocks, bean bag leisure furniture, plaques, mirrors and folding seats for use by individuals in athletic stadiums; tumblers, cups, mugs, glasses and beverage container insulators; blankets, pennants, textile placemats, handkerchiefs and quilts; clothing-namely, t-shirts, ties, scarves, bibs, sweatshirts, shorts, hats, aprons, jogging suits and sweaters; toy stuffed animals, Christmas decorations, bean bags, plastic figurine toys, foam figurine toys, and equipment-namely, bats and balls sold as a unit for playing a stick ball game; and : providing college level educational programs, sport exhibition events and recreation programs;

h.  – registration number 2,689,612, registered February 25, 2003 for clothing, namely, jackets, sweaters, hats and T-shirts.

i. "SCARLET & GRAY" – registration number 3,173,656, registered November 21, 2006 for hats, shirts, and t-shirts

j. "OHIO STATE" – registration no. 2,094,602, registered September 9, 1997 for clothing items for men, women and children, namely, sweatshirts, T-shirts and sweaters



k. Registration no. 4104956, registered February 28, 2012 for Apparel for dancers, namely, tee shirts, sweatshirts, pants, leggings, shorts and jackets; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Children's and infant's apparel, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece garments; Children's and infants' apparel treated with fire and heat retardants, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece garments; Gloves for apparel; Infant wearable blankets; Scientific and technological apparel, namely, shirts, pants, jackets, footwear, hats and caps, uniforms; Viscous gel polymer sold as a component of finished custom cushioned footwear for non-orthopedic purposes and apparel; Wearable blankets in the nature of blankets with sleeves; Wearable garments and clothing, namely, shirts.



l. Registration no. 5117747, registered January 10, 2017 for clothing, namely, football jerseys



m. Registration no. 4971894, registered June 7, 2016, for clothing and headgear, namely, t-shirts, shirts, sweatshirts, hoodies, hats and caps.

5. The certificates of registration are prima facie evidence of the validity of the registered trademarks, Ohio State's ownership of the registered trademarks, and Ohio State's

exclusive right to use the registered trademarks in connection with the goods and services specified in the certificates of registration enumerated above and constructive notice of the registrant's claim of ownership under 15 U.S.C. § 1072. The registered marks depicted above in 6(a)- (j) are incontestable, which provides conclusive evidence of their validity under 15 US.C. § 1115(b).

6. In addition, Ohio State licenses and owns common law trademarks in the distinctive use of its school colors, scarlet and gray, in the initials "OSU" and cheer "Go Bucks".

7. For more than thirty-five (35) years Ohio State has used and licensed the use of the registered trademarks and the common law trademarks described above (collectively the "Ohio State Trademarks") on numerous and varied items, including clothing of all types, continuously and exclusively for identification with Ohio State and its academic, athletic and entertainment activities. The Ohio State Trademarks are strong and their respective reputation and goodwill have continuously grown and are now well known throughout the City of Columbus, the State of Ohio and the United States.

8. As a result of Ohio State's fame and its extensive use, advertising, and sale of goods and performance of athletic services bearing the Ohio State Trademarks, the Ohio State Trademarks have acquired strong secondary meaning, have achieved favorable national recognition, and have become assets of significant value as symbols pointing only to Ohio State, its services, products and goodwill.

9. Ohio State approves and maintains quality control over all of the products and services it licenses and produces, and its trade dress to protect the tradition, prestige and goodwill associated with these marks, and Ohio State makes systematic efforts to

safeguard the quality and integrity of the Ohio State marks, and the public assumes that Ohio State has approved, sponsored or endorsed all products and services bearing its trademarks. Defendant is not and has not been licensed by Ohio State to use any of the Ohio State Trademarks on any products or services, including those depicted in paragraphs 11-12 (below).

10. Defendant is in the business of printing and selling t-shirts with a wide variety of designs. Defendant has online tools that have permitted its customers to create and upload infringing and counterfeit designs of Ohio State trademarks, start a "campaign" on Defendant's website and other social media sites. When a retail customer orders a t-shirt designed by one of SunFrog's customers, the order is re-directed to the SunFrog website, and the order is processed, printed, manufactured and shipped by SunFrog to the retail customer.

11. Below are examples of both infringing and counterfeit merchandise using the Ohio State Trademarks that have been displayed and offered for sale on the Sunfrog.com website or other social media sites:



Items appearing on the sunfrog.com website:

















Counterfeit merchandise purchased by Counsel for Ohio State on January 24, 2017:



12. Below are pictures of counterfeit (as defined in 15 U.S.C. § 1127) shirts that were purchased from Defendant by counsel for Ohio State in November 2017:












13. Defendant has made unauthorized uses of the Ohio State Trademarks that are commercial in nature and were intended to, and did, directly compete with the lawful manufacture, distribution, sale and advertising activities of Ohio State and its licensees to the detriment of Ohio State.

14. Prior to filing the lawsuit herein, Ohio State wrote to Defendant twice and asked it to cease its manufacture, advertising, marketing, display, distribution and sale of shirts depicted in Paragraphs 11-12 (above) and others. Those actions failed to eradicate the counterfeit designs.

15. Defendant has made unauthorized uses of the Ohio State Trademarks on clothing depicted in paragraphs 11-12 (above), and other clothing items, that were likely to cause

consumers to believe that Defendant and/or its products were sponsored, endorsed or affiliated with Ohio State, which is false.

16. Defendant has made unauthorized uses of the Ohio State Trademarks on clothing depicted in paragraphs 11-12 (above) and other clothing items, that constituted trademark infringement of the rights of Ohio State in its Ohio State Trademarks under 15 U.S.C. § 1114 and counterfeiting under 15 U.S.C. § 1117.

## PERMANENT INJUNCTION

This cause having come on for hearing and by and with the consent of the parties and the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Defendant, its successors, assigns and all others that meet the requirements of Federal Rule of Civil Procedure 65(d)(2) are permanently enjoined from counterfeiting, infringing, or falsely designating the origin of the Ohio State Trademarks, from using the Ohio State Trademarks or any other words or signs or symbols or device that suggest an affiliation, approval, license, connection, sponsorship or endorsement with Ohio State on goods in any way, and from injuring Ohio State's reputation; and

2. Defendant, its successors, assigns and all others that meet the requirements of Federal Rule of Civil Procedure 65(d)(2) are permanently enjoined from manufacturing, distributing, advertising, marketing, promoting or selling any product, including but not limited to clothing products, that use the Ohio State Trademarks or any other words or signs or symbols or device that suggest an affiliation, approval, license, connection, sponsorship or endorsement with Ohio State; and

3. Defendant, its successors, assigns and all others that meet the requirements of Federal Rule of Civil Procedure 65(d)(2) are permanently enjoined from using any of the Ohio State Trademarks or names, symbols, signs, devices or trademarks that are deceptively similar to the Ohio State Trademarks : (a) as metatags, directory names, domain names, other computer addresses or invisible data in connection with Defendant's website or mobile application; (b) on Defendant's or its Corporate Affiliates' social media accounts such as Twitter, Facebook, Pinterest, Instagram; or (c) otherwise engaging in acts or conduct that would cause a likelihood of confusion as to the source, sponsorship or affiliation of Ohio State with Defendant.

IT IS FURTHER ORDERED:

1. That this Court has jurisdiction over the parties and subject matter of this action.

2. That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance with this Permanent Injunction and the Settlement Agreement entered by the parties and for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Final Consent Judgment and Permanent Injunction.

3. That except for the relief herein granted, the above identified civil action, including all claims, counterclaims, and affirmative defenses which Plaintiff or Defendant have, could have or should have accorded therein, are hereby dismissed with prejudice.

4. Plaintiff and Defendant have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity.

5. The parties are to pay their own costs and attorneys' fees.

Dated: 2/28/18

Michael H. Watson
United States District Court Judge

APPROVED AS TO FORM:

Michael DeWine
Ohio Attorney General


By: */s/ Joseph Kershaw Dreitler/*

Joseph Kershaw Dreitler, Trial Attorney (0012441)
Mary R. True (0046880)
DREITLER TRUE, LLC
19 E. Kossuth St.
Columbus, OH 43206
(614) 449-6640
jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

Attorneys for Plaintiff
The Ohio State University


By: */s/ Eric Misterovich*
Eric Misterovich
Revision Legal, PLLC
8051 Moorsbridge Road
Portage, Michigan 49024
Phone: (269) 281-3908
Fax:    (269) 235-9900
eric@revisionlegal.com

*Counsel for Defendant Sunfrog, LLC*